UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BOWEN, aka WILLIAM JOSEPH BOWEN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>IVAN CLAY,<br><br>　　　　Respondent. | Case No. SACV 09-0359-FMC(RC)<br><br>OPINION AND ORDER ON A PETITION FOR HABEAS CORPUS |

On February 20, 2009, petitioner William J. Bowen, aka William Joseph Bowen, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of California, which transferred the action to this district court on March 23, 2009. On March 27, 2009, this Court dismissed the petition with leave to amend due to the petition being vague and indefinite and petitioner's failure to name the proper respondent. On April 21, 2009, petitioner filed an amended petition, which shows on its face that petitioner pleaded guilty to driving under the influence in 2008 and the appeal is still pending. See Petition at 3.

//

**DISCUSSION**

The seminal case of <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. <u>Id.</u> at 44, 91 S. Ct. at 750; <u>Middlesex County Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982); <u>Samuels v. Mackell</u>, 401 U.S. 66, 69, 91 S. Ct. 764, 766, 27 L. Ed. 2d 688 (1971). This principle of "*Younger* abstention" is also applicable to claims raised in federal habeas corpus proceedings. <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 587 (9th Cir. 1998); <u>Carden v. State of Montana</u>, 626 F.2d 82, 83-85 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1014 (1980).

Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests and afford an adequate opportunity to raise federal questions, and if the federal relief sought would interfere in some manner with the state court litigation. <u>Middlesex County Ethics Comm'n</u>, 457 U.S. at 432, 102 S. Ct. at 2521; <u>Green v. City of Tucson</u>, 255 F.3d 1086, 1094 (9th Cir. 2001)(en banc). Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other "extraordinary circumstances" exist, such as proceedings pursuant to a "flagrantly" unconstitutional statute. <u>Younger</u>, 401 U.S. at 49, 53-54, 91 S. Ct. at 753, 755.

//

Here, all the prerequisites to the application of abstention under *Younger* have been met. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). Second, the state undeniably has an important interest in protecting the public by the filing and prosecuting of criminal proceedings. Seling v. Young, 531 U.S. 250, 262, 121 S. Ct. 727, 734, 148 L. Ed. 2d 734 (2001). Third, the state court criminal proceedings afford an opportunity for petitioner, who is the defendant, to raise constitutional claims, such as petitioner raises herein. Finally, the remedy the petitioner seeks, a writ of habeas corpus, would clearly interfere with the ongoing state criminal proceeding, see Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from custody."), and petitioner has not identified any "extraordinary circumstances" warranting an exception to the Younger doctrine.

Yet, petitioner is seeking federal court review of a state criminal proceeding before the California Court of Appeal has reviewed his conviction and sentence, and before he has exhausted his state court remedies. Thus, the habeas petition is premature. Exhaustion of state court remedies is required by federal statute. 28 U.S.C. § 2254(b), (c); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). This means a petitioner must have appealed his conviction to the California Supreme Court and/or sought post-conviction habeas

corpus relief from the California Supreme Court before his claim is ripe for federal habeas review.

Both comity and the interest of judicial economy are served by affording "[t]he state courts . . . the first opportunity to examine the lawfulness of the state prisoner's confinement. If the prisoner's claim is meritorious, and the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." Sherwood v. Tomkins, 716 F.2d 632, 633 (9th Cir. 1983) (quoting Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982), cert. denied, 463 U.S. 1212 (1983)). "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Carden, 626 F.2d at 83-4. As discussed above, no such "unusual circumstances" are present here.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

4

direct the clerk to notify petitioner." The instant petition shows that petitioner's state court criminal proceeding is still pending on appeal, and is not final; thus, the petition must be dismissed without prejudice.

## ORDER

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus and action.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: April 24, 2009

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: April 22, 2009

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-0359.mdo
4/22/09

5